## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

VICKI BROOKS, individually and on behalf of all others similarly situated,

   *Plaintiff*,

vs.

PEPSICO BEVERAGE SALES, LLC,

   *Defendant*.
_____/

Case No.

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff Vicki Brooks brings this action against Defendant PepsiCo Beverage Sales, LLC, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 after receiving numerous calls from Defendant utilizing an artificial or prerecorded voice without prior express consent.

## NATURE OF THE ACTION

2. This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willful violations.

3. This case arises from Defendant's transmission of prerecorded messages for a commercial purpose to the cellular telephone of Plaintiff.

4. Defendant a large food and beverage corporation.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and

1

disruption of her daily life. Plaintiff also seeks statutory damages and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of the TCPA which is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims (e.g., Plaintiff's receipt of Defendant's prerecorded voice calls) occurred in this district where Plaintiff resides and was physically present when she received Defendant's calls.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of and domiciled in Pinellas County, Florida.

9. Defendant is a Delaware LLC whose principal office is located in Purchase, New York. Defendant directs, markets, and provides its business activities throughout the State of Florida.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone

technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. Even if a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent before sending calls utilizing an artificial or prerecorded voice. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

15. Prior express consent must be "clear[] and unmistakabl[e]" under the TCPA. *Ins. Mktg. Coal. Ltd. v. Fed. Commc'n Comm'n*, 127 F.4th 303, 315 (11th Cir. 2025).

3

16. Violations of the TCPA cause concrete harm like invasion of privacy and annoyance, which Congress deemed actionable without additional injury. *See Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023) ("[W]e hold that the receipt of an unwanted text message causes a concrete injury[.]"); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citing *Spokeo*, 578 U.S. at 341).

17. The TCPA provides statutory damages of $500 per violation, trebled to $1,500 for willful or knowing violations, and injunctive relief to halt ongoing misconduct. 47 U.S.C. § 227(b)(3), (c)(5).

## FACTS

18. Over the past two years preceding the filing of this lawsuit, Defendant began causing calls with a prerecorded message to be transmitted to Plaintiff's cellular telephone number ending in 6436 (the "6436 Number").

19. Defendant initiated hundreds of calls with a prerecorded message to Plaintiff's 6436 Number over the past two years preceding the filing of this lawsuit.

20. Each time Defendant called, a voicemail containing a prerecorded message was left on Plaintiff's phone.

21. The following is a transcript of a voicemail that was left in Plaintiff's voicemail box:

> Our records indicate that a balance has aged more than 30 days late and needs immediate resolution to avoid potential disruptions to deliveries. To obtain balance information retrieve invoice copies initiate payment and much more please visit www.mypepsicoview.com. First time please contact our customer service team and the representative will assist you in creating an online account. Customer

4

> service representatives can be reached Monday through Friday between 7:00 AM to 7:00 PM eastern Standard Time at 1-800-789-2626. When calling please be sure to reference your account number of 734-0113. If you would like to hear this message again press 1 if you would like to speak to the next available customer service representative regarding this call press 2.

22. Defendant caused hundreds of voicemails with the exact or substantially identical message to be transmitted to Plaintiff's cellular phone.

23. Plaintiff called Defendant back multiple times to request that they remove her 6436 Number from their calling list and to cease calling her. Defendant repeatedly ignored Plaintiff's requests to cease calling her.

24. The prerecorded calls at issue, which were left as voicemails, were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

25. When Plaintiff listened to the voicemails she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

26. The prerecorded calls Plaintiff received originated from telephone number 800-789-2626, a telephone number owned and/or operated by or on behalf of Defendant.

27. Plaintiff received the subject calls with a prerecorded voice within this judicial district.

28. At no point in time did Plaintiff provide Defendant with her express consent to be contacted with a prerecorded call.

29. Plaintiff is the subscriber and sole user of the 6436 Number and is financially responsible for phone service to the 6436 Number.

30. Defendant's unsolicited prerecorded call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

31. Defendant's unsolicited voice messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted several hours reviewing all of Defendant's unwanted messages.

32. Furthermore, Defendant's voice messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

## CAUSES OF ACTION

### COUNT I
### Violations of the TCPA

33. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff.

36. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff when its calls were made.

37. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to Plaintiff without prior express consent.

38. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

39. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and was harmed and is entitled to a minimum of $500.00 in damages for each call.

40. Because Defendant knew or should have known that Plaintiff had not given prior express consent to receive its prerecorded calls to her cellular telephone the

Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### Invasion of Privacy – Intrusion Upon Seclusion

41. Plaintiff re-allege and incorporates paragraphs 1-32 as if fully set forth herein.

42. As alleged herein, Defendant sent numerous unwanted communications to Plaintiff's phone.

43. All of the communications made to Plaintiff's by Defendant and/or its agents were harassing, unreasonable, and repetitive invasions of Plaintiff's right to privacy.

44. Defendant's communications to Plaintiff's phone, even after Plaintiff attempted to opt out of further communications, deprived Plaintiff of the right to be left alone.

45. Defendant intentionally or negligently interfered with the solitude, seclusion or private concerns or affairs of Plaintiff by repeatedly and unlawfully sending communications to Plaintiff's phone.

46. By sending repeated communications to Plaintiff's phone without providing a viable call back number or honoring Plaintiff's "opt-out" requests, Defendant left Plaintiff with no escape from Defendant's harassing automated text messages.

47. Because Defendant knew or should have known that it was sending unwanted and harassing communications to Plaintiff's phone, Defendant intentionally, willfully, and knowingly intruded upon Plaintiff's solitude and seclusion.

48. As a result of Defendant's action or inaction, Plaintiff has been damaged.

49. Plaintiff is entitled to actual damages and punitive damages due to Defendant intentional misconduct or gross negligence.

**WHEREFORE**, Plaintiff prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages under the TCPA, including treble damages for any violations found to be committed knowingly and willfully;

d. An award to Plaintiff of actual and/or punitive damages caused by Defendant's invasion of privacy, in an amount to be proven at trial; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 19, 2026            Respectfully Submitted,

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*/s/ Garrett Berg*
Garrett Berg, Esq.
Florida Bar No. 1000427
**Garrett Berg Law, P.A.**
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com

*Counsel for Plaintiff*